UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM KESLER,

    Plaintiff,

v.                                                          Case No. 8:19-cv-2786-T-60TGW

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.
_____/

**ORDER DENYING "DEFENDANT GEICO GENERAL
INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL"**

This matter is before the Court on "Defendant GEICO General Insurance Company's Motion to Dismiss Plaintiff's First Amended Complaint and Demand for Jury Trial," filed by counsel on May 26, 2020. (Doc. 26). Plaintiff William Kesler filed a response in opposition to the motion. (Doc. 30). After reviewing the motion, memorandum, court file, and the record, the Court finds as follows:

**Background**

On July 22, 2014, William Kesler was involved in a motorcycle accident allegedly cause by Fannie Vaccaro in Sarasota County, Florida. At the time of the accident, William Kesler was a resident of Sarasota County, Florida. On July 18, 2019, William and Pamela Kesler filed a complaint against GEICO in state court. On November 8, 2019, GEICO removed this action to federal court based on diversity jurisdiction. After being granted leave by the Court, William Kesler filed an amended complaint. (Doc. 26). In this amended complaint, Pamela Kesler was

terminated as a party. GEICO now seeks to dismiss the amended complaint due to pleading defects.

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 555.

When deciding a Rule 12(b)(6) motion, a court generally limits review to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, No. 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

In its motion to dismiss, GEICO argues that the amended complaint should be dismissed because it fails to state a claim upon which relief can be granted. GEICO further argues that the amended complaint fails to allege the necessary jurisdictional allegations.

Upon review, the Court finds that the amended complaint is sufficient to put GEICO on notice as to any claims against it. A complaint is only required to contain a short and plain statement that shows that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a). The amended complaint asserts that Plaintiff is entitled to uninsured and/or underinsured motorist benefits from Defendant and is seeking damages, prejudgment interest, attorney's fees, and costs. Plaintiff alleges that an uninsured or underinsured tortfeasor caused the accident that resulted in his injuries, and that an automobile insurance policy issued by GEICO was in effect at the time of the accident. These allegations sufficiently plead the elements of an uninsured motorist benefits claim.

The Court further finds that Plaintiff has sufficiently alleged the jurisdictional requirements for diversity jurisdiction. The Court measures the amount in controversy at the time that the Court's diversity jurisdiction is invoked, which in this case is at the time of removal. *See The Burt Co. v. Clarendon Nat. Ins. Co.*, 385 F. App'x 892, 894 (11th Cir. 2010). The Court is not deprived of subject matter jurisdiction as a result of events that occur after removal, such as a post-removal amendment to a complaint. *See id.* Here, although the amended complaint only alleges an amount in controversy in excess of $30,000.00, GEICO removed this

case after determining that Plaintiff was seeking in excess of $75,000.00 in damages during jurisdictional discovery in the state court proceedings.[1]  The amount in controversy was sufficient at the time of removal to properly grant the Court subject matter jurisdiction over this case.  The Court has not been deprived of subject matter jurisdiction by any reduction of the amount in controversy by the post-removal amended complaint.  Therefore, the motion to dismiss is denied.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant GEICO General Insurance Company's Motion to Dismiss Plaintiff's First Amended Complaint and Demand for Jury Trial" (Doc. 26) is hereby **DENIED**.

(2) Defendant GEICO is directed to file an answer on or before on or before August 5, 2020.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22nd day of July, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

---

[1] It is unclear why GEICO is requesting that Plaintiff be required to file an amended complaint based upon a failure to allege the necessary jurisdictional allegations *when GEICO asserted that the jurisdictional requirements were satisfied when it removed this case to federal court.*